UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
FAITH GARIGLIANO,

            Plaintiff,

-against-

CITY UNIVERSITY OF NEW YORK,

           Defendant.
-------------------------------------------------------X

Case No.

**COMPLAINT**

*Jury Trial Demanded*

Plaintiff, FAITH GARIGLIANO, by her attorneys, STEWART LEE KARLIN LAW GROUP, P.C., complaining of Defendant, CITY UNIVERSITY OF NEW YORK, alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters, as follows:

### NATURE OF THE CLAIM

1. This is a civil action based upon Defendant's violations of the Americans with Disabilities Act, 42 U.S.C. § 12182, and Section 504, 29 U.S.C. 794, by discriminating against Plaintiff due to her disability and perceived disability. Plaintiff seeks damages for violations of her civil rights.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over Defendant City University of New York (CUNY) pursuant to 42 U.S.C § 12117 and 28 U.S.C. 1331.

3. Venue lies in this District pursuant to 28 U.S.C. 1391 (b) (2) as a substantial part of the events giving rise to the claim arose in New York County.

### PARTIES

4. At all times hereinafter mentioned, Plaintiff Faith Garigliano (hereinafter "Plaintiff" or "Ms. Garigliano") was and still is a student of Defendant CUNY at Brooklyn College.

1

5.      Defendant CITY UNIVERSITY OF NEW YORK (hereinafter "Defendant", "CUNY", or "Brooklyn College") is a recipient of federal financial assistance as defined by Section 504 (29 U.S.C. 794) and the regulations promulgated thereunder.

6.      Defendant offers a variety of programs and services for students with disabilities to gain access to their education.

7.      Plaintiff is a qualified individual (vascular malformation and chronic leg pain, anxiety, depression, and PTSD) with a disability in that she met the essential requirements for receiving services and reasonable accommodations. Plaintiff's disability without reasonable accommodations directly adversely impacts her education.

8.      Plaintiff has an impairment that substantially limits one or more major life activities, had a record of such an impairment, and was regarded as having such an impairment. Plaintiff also participated in protected activity pursuant to the A.D.A. by requesting reasonable accommodations that were not timely granted and not fully implemented in part by Defendant.

## FACTUAL STATEMENT

1.      Plaintiff is a current student at Brooklyn College, enrolled in the Department of Theater's Bachelor of Fine Arts Acting program (BFA).

2.      On or about January 21, 2026, Brooklyn College orally informed Ms. Garigliano of its decision to remove her from her BFA Acting cohort and discontinue her enrollment in core BFA Acting courses. The College did not issue any written determination, explanation, or information regarding her appeal rights.

3.      This abrupt removal jeopardizes Ms. Garigliano's ability to complete the required BFA Acting core curriculum and graduate on schedule in May 2027, despite her strong academic standing and commitment to the program.

4. At all relevant times, Ms. Garigliano has been a high-achieving student, maintaining a 4.0 GPA through most of her enrollment.

5. Ms. Garigliano is a qualified individual with disabilities, suffering from PTSD, anxiety, depression, panic attacks, vascular malformation, and chronic leg pain.

6. Ms. Garigliano has engaged with Brooklyn College's Office of Accessibility Services/Center for Student Disability Services to obtain accommodations, including substitutions for course requirements that involve high-impact rapid foot and leg movements, and other supports intended to remove barriers arising from her disability.

7. Ms. Garigliano's medical history reflects vascular malformation and chronic leg pain that substantially limit major life activities, including walking and physical movement. She also experiences anxiety, depression, and PTSD symptoms due to childhood trauma and a recent sexual assault, by another Brooklyn College Theatre student, including episodic triggers requiring short breaks from a classroom environment to regulate and remain able to participate.

8. Brooklyn College's decision to isolate Ms. Garigliano from her cohort—by forcing supplementation and/or removing her from core acting coursework—is based not on academic deficiency, but on disability-related manifestations, including mobility limitations and trauma-related affect. This is impermissible under federal and state disability discrimination law and violates fundamental principles of fairness, equal access, and the obligation to engage in an interactive process for reasonable accommodations.

9. The BFA Acting program is structured as a cohort-based curriculum. Removing Ms. Garigliano from the cohort while maintaining her nominal enrollment in the BFA degree effectively strips her of the acting training for which she auditioned, enrolled, and has been paying

tuition, while also foreclosing access to key instruction such as Scene Study, Shakespeare, on-camera/filmic acting, movement-based training, and related BFA core requirements.

10. Faculty leadership, including emails from Patrick Sabongui (then Head of BFA Acting), warned Ms. Garigliano that taking breaks or leaving and re-entering the room due to physical pain could be treated as an absence and could jeopardize casting eligibility, despite her disability-related restrictions.

11. Correspondence from the Chair of the Department of Theater directed Ms. Garigliano to identify alternate classes and attend meetings to "finalize" a schedule change that would remove her from her BFA Acting core coursework, emphasizing that these requests were "non-negotiable".

12. These actions constitute disability discrimination, retaliation, and denial of access to the program's educational benefits, including the right to be educated in the least restrictive environment consistent with her qualifications.

13. Ms. Garigliano can perform all her tasks as a BFA student with reasonable accommodations, such as exercising restrictive leg movements, taking short breaks when needed to address PTSD triggers, or briefly removing herself from class if there is a high-level trigger.

14. The lack of a written decision and failure to provide notice of appeal rights violate basic due process and the College's obligation to follow its published policies and procedures. From Brooklyn College's web page Resources for Staff and Faculty, "Do not ban a student from coming back to class or an office permanently—this is a violation of the student's due process rights. Before any permanent action can be taken, a written complaint (Student Behavior Form) must be submitted to the Office of Judicial Affairs so that the disciplinary process can be initiated."

15.     These actions against Plaintiff have a profound and everlasting impact, including irreparable damage to her academic and professional career. These actions are deliberate, intentional discrimination and retaliation.

16.     As a result of CUNY violating the A.D.A. and Section 504, Plaintiff has been damaged.

## FIRST CLAIM FOR RELIEF - ADA

17.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

18.     Plaintiff is a protected individual within the meaning of the Americans with Disabilities Act, 42 U.S.C. 12182.

19.     Plaintiff has a disability within the meaning of the A.D.A.

20.     Defendant CUNY is a statutory party within the meaning of the A.D.A.

21.     Defendant violated the A.D.A. by failing to timely and reasonably accommodate Plaintiff and by otherwise subjecting her to discrimination due to her disability and perceived disability and subjected her to a hostile academic environment due to Plaintiff's disability, perceived disability, and retaliation.

22.     As a result of the willful activities of Defendant, Plaintiff has been deprived of educational opportunities based upon her disability and perceived disability in violation of the Americans with Disabilities Act, 42 U.S.C. 12182, and suffered damages as a result of Defendant violating the A.D.A.

## SECOND CLAIM FOR RELIEF – SECTION 504

23.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

24. Section 504 was violated because Plaintiff was an otherwise qualified individual with a disability and was excluded from participation and denied the benefits of and subjected to discrimination solely by reason of her disability and perceived disability.

25. As a result of the foregoing conduct, CUNY has violated Section 504, 29 U.S.C. 794, and the regulations promulgated thereunder resulted in Plaintiff being damaged.

**PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY
ON ALL ISSUES AND CLAIMS IN THIS ACTION**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

a. A declaration that CUNY has violated the A.D.A. and Section 504 of the Rehabilitation Act and that Plaintiff's rights have been violated under the A.D.A. and 504 and equitable relief that the Court deems necessary to correct the conditions complained of herein;

b. Reentry into the program;

c. Compensatory damages to Plaintiff for the damages incurred, including but not limited to pain and suffering and damages to Plaintiff's reputation;

d. Attorney fees and costs that cannot yet be determined;

e. Any other relief that is just and equitable.

Dated: New York, New York
February 17, 2026

Respectfully submitted,

STEWART LEE KARLIN
LAW GROUP, P.C.

*/s/ Stewart Lee Karlin*
Stewart Lee Karlin, Esq.
*Attorneys for Plaintiff*
111 John Street, 22nd Floor
New York, NY 10038
(212) 792-9670
slk@stewartkarlin.com